UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN BREWSTER,

    Petitioner,

v.                                          Case No. 3:25-cv-308-TKW-MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a second amended petition for writ of habeas corpus. Doc. 13. The undersigned recommends that the District Court dismiss the petition because it is moot.

### I.    BACKGROUND

On March 21, 2025, Petitioner filed a petition titled "Emergency Writ of Habeas Corpus § 2254." Doc. 1. Petitioner alleged that he was illegally confined at the Florida State Hospital pursuant to the September 12, 2024 order of the Okaloosa County Circuit Court (Case Nos. 24-CF-1650, 24-CF-1651 and 24-CF-1862) adjudging Petitioner incompetent to proceed to trial and committing Petitioner to the custody of the Florida Department of Children and Families ("DCF"). Doc. 1; *see*

*also* Doc. 1-1. Petitioner alleged that the commitment order was unconstitutional because Petitioner was not present at the competency hearing. *Id.* at 1-4. As relief, Petitioner sought "automatic discharge from unlawful detention." *Id.* at 4.

On March 26, 2025, the undersigned ordered Petitioner to amend his petition using the Northern District's form. Doc. 3; *see also* N.D. Fla. Loc. R. 5.7(A). Petitioner filed an amended petition, Doc. 8, but that petition was stricken because it was missing several pages and did not contain any of the information required by the Northern District's form and Habeas Rule 2. *See* Doc. 10 (citing N.D. Fla. Loc. R. 5.7; Rule 2, Rules Governing Section 2254 Cases in the United States District Courts).

Petitioner filed his second amended petition on May 29, 2025. Doc. 13. Petitioner no longer is confined at the Florida State Hospital—he is confined at the Okaloosa County Jail. *Id.* at 1, 20; *see also* Doc. 15 (Pet'r's Resp. to Show-Cause Order). The online state-court docket entries in Petitioner's underlying criminal cases show that on April 10, 2025, the state court entered an order finding Petitioner competent to proceed to trial. *See* Doc. 14 at 2 n.1; Doc. 14-1; Doc. 14-2; Doc. 14-3. The state-court dockets also reflect that Petitioner's location is "County Jail," and that a

pretrial conference is scheduled for July 16, 2025. *Id*. Petitioner's habeas petition continues to challenge the state-court order adjudging Petitioner incompetent to proceed and committing Petitioner to DCF custody. Doc. 13; *see also* Doc. 15 (Pet'r's Resp. to Show-Cause Order). Petitioner also continues to seek "Emergency release upon immediate review of (non-existing) 9-12-24 competency hearing." Doc. 13 at 19; Doc. 15 at 3.

## II.  JURISDICTION AND MOOTNESS

Article III of the United States Constitution extends federal judicial power only to cases or controversies. U.S. Const. art. III, § 2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

When the injury for which a litigant seeks judicial redress is resolved or disappears prior to the court's decision, there no longer is an Article III case or controversy, and the case is moot. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987); *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) ("A case is moot when it no longer presents a live controversy with respect to

which the court can give meaningful relief.") (internal quotation marks and citations omitted); *see also Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) (a habeas petitioner released from the challenged confinement during the pendency of the habeas proceeding must establish that his petition still presents a case or controversy and is not moot). A court may raise the mootness issue *sua sponte*. *See Medberry v. Crosby*, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003).

### III. DISCUSSION

The September 12, 2024 commitment order has been superseded by the April 10, 2025 order adjudging Petitioner competent to proceed and releasing Petitioner from DCF custody. Additionally, Petitioner's state criminal proceedings appear to be progressing forward to trial.

Because the issue regarding Petitioner's appearance (or lack thereof) at the September 12, 2024 competency hearing no longer is live, this case is moot. An order directing Petitioner's release from DCF custody would have no effect. *See Spencer v. Kemna*, 523 U.S. 1 (1998).

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this habeas action without prejudice for lack of subject-matter jurisdiction, because the petition is moot.

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 13th day of June, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**